IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )   CR No. 15-49
                                )
                                )   Washington, D.C.
    vs.                         )   September 29, 2015
                                )   12:00 p.m.
CORNELL JONES,                  )
                                )
        Defendant.              )
_____)


TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:        Anthony D. Saler
                           Michael K. Atkinson
                           U.S. ATTORNEY'S OFFICE
                           Criminal Division
                           555 4th Street, NW
                           Washington, D.C. 20530
                           (202) 252-6971
                           anthony.saler@usdoj.gov
                           michael.atkinson@usdoj.gov

                           Kenneth C. Vert
                           U.S DEPARTMENT OF JUSTICE
                           Tax Division
                           P.O. Box 972
                           Washington, D.C. 20044
                           (202) 305-9792
                           kenneth.c.vert@usdoj.gov

```
APPEARANCES CONTINUED:

For the Defendant:        Bernard S. Grimm
                          THE LAW OFFCE OF BERNARD GRIMM
                          1627 I Street, NW
                          Suite 1100
                          Washington, D.C. 20006
                          (202) 912-4888
                          bgrimm@grimmlawdc.com


Court Reporter:           William P. Zaremba, RMR, CRR
                          Official Court Reporter
                          U.S. Courthouse
                          333 Constitution Avenue, NW
                          Room 6511
                          Washington, D.C. 20001
                          (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

```
 1              P R O C E E D I N G S
 2         DEPUTY CLERK:  All rise.  This Honorable Court is
 3  now in session.  The Honorable Judge Richard J. Leon
 4  presiding.  God save the United States and this Honorable
 5  Court.  Please be seated and come to order.
 6         Your Honor, we have Criminal Action 15-49,
 7  United States of America v. Cornell Jones.
 8         Counsel, please approach the lectern and identify
 9  yourselves.
10         MR. SALER:  Good morning, Your Honor.
11  Anthony Saler for the United States.
12         And with me is Michael Atkinson and Ken Vert of
13  the U.S. DOJ Tax Division.
14         THE COURT:  Welcome back.
15         MR. GRIMM:  Bernard Grimm on behalf of Mr. Jones.
16         THE COURT:  Welcome back.
17         All right, Counsel, for the first time in nearly
18  14 years since I've been in this court, the government has
19  requested that the defendant plead first before the Court
20  assesses the plea agreement and makes its own assessment of
21  that.
22         Mr. Saler, do you want to explain why you want to
23  do this?
24         MR. SALER:  Your Honor, I believe it's required by
25  Rule 11, because the first step is the entering of the
```

```
 1   guilty plea.
 2             And the Court's --
 3             THE COURT:  Mr. Saler, I've taken over 300 pleas
 4   since I've been on this court.  I've never done what you're
 5   proposing I do here.  Never.  Not once.  Over 300.
 6   Your office was on almost every single one of them.  DOJ was
 7   on maybe 2 percent, 1 percent.
 8             MR. SALER:  Your Honor, under Rule 11(c)(5),
 9   if you reject a plea agreement, there's three options;
10   either the defendant --
11             THE COURT:  I haven't rejected the plea agreement.
12   I haven't made any decision on the plea agreement.
13             MR. SALER:  Right.  But in order for you to --
14   once you make that decision, if you do reject the
15   plea agreement, the defendant has the option either to
16   continue with his plea and have it be a naked plea or
17   withdraw his plea.  If he hasn't entered a guilty plea
18   before that, he won't have that opportunity.
19             THE COURT:  I kind of had the impression from your
20   pleading that the defendant wanted to go forward and plead
21   to the information regardless of whether the Court would
22   accept the plea agreement.  Was that not the impression that
23   you gave me?
24             MR. SALER:  Your Honor, we presented a
25   plea agreement, we -- the defendant, at the start of the
```

```
 1   hearing --
 2             THE COURT:  Well, that's not a trick question.
 3             What is your impression?  Does the defendant want
 4   to enter a plea regardless of whether or not -- to the
 5   information?  Because if that's the case, I'll take a plea
 6   today, right now, to the information.
 7             Is it your impression that he wants to do that or
 8   not your impression?
 9             MR. SALER:  I don't have an impression of what he
10   wants to do, Your Honor.
11             THE COURT:  Did you ask Mr. Grimm?
12             MR. SALER:  If you're asking me whether if you --
13             THE COURT:  I asked you -- it wasn't a trick
14   question.  Did you ask Mr. Grimm?  What does his client want
15   to do?
16             MR. SALER:  If you're asking me did I ask
17   Mr. Grimm if the defendant enters a plea and you reject the
18   plea agreement, whether he will continue with his plea --
19             THE COURT:  No.  I didn't ask you that.
20             MR. SALER:  -- I have not asked him that.
21             THE COURT:  I didn't ask you that.
22             MR. SALER:  Then I apologize, Your Honor.  I'm not
23   following what your question is.
24             THE COURT:  Did you ask Mr. Grimm whether his
25   client wanted to plead guilty to the information prior to
```

1  the Court assessing whether or not it would accept the
2  plea agreement?
3           MR. SALER:  No.  But I believe that that was both
4  our understandings.  I didn't directly ask him that.
5           THE COURT:  So he gave you that impression?
6           MR. SALER:  It's not whether he gave me my -- the
7  impression or not, Your Honor.  I believe that we both
8  believe that a guilty plea is the first step, and then
9  consideration of the plea agreement is the second step.
10          THE COURT:  Mr. Grimm filed a motion for the Court
11 to recuse itself.  Are you aware of that?
12          MR. SALER:  I am, Your Honor.
13          THE COURT:  When did you learn about that?
14          MR. SALER:  He advised me yesterday that he was
15 going to file it.
16          THE COURT:  Is the government going to oppose it
17 or agree with it or nothing, neutral?
18          MR. SALER:  Your Honor, at this time, we received
19 it yesterday, so we don't have a position yet on it.
20          THE COURT:  You don't have a position yet?
21 Do you believe the Court should recuse itself?
22          MR. SALER:  Your Honor, at this point -- right
23 now, I --
24          THE COURT:  This isn't that hard.
25          MR. SALER:  Well, Your Honor, I mean, we haven't

```
 1  researched the issue.
 2          I mean, it is a -- it's not a usual issue, so, no,
 3  at this point, I cannot give you a position that the
 4  government will have.
 5          THE COURT:  Well, you've read his pleading,
 6  haven't you?
 7          MR. SALER:  I have, Your Honor, yes.
 8          THE COURT:  Based on reading the pleading, you
 9  don't have a position?
10          MR. SALER:  No, Your Honor.  We would need time to
11  research the issue.
12          THE COURT:  Who's the "we"?
13          MR. SALER:  My office, myself.
14          THE COURT:  Who in your office would have to look
15  at it besides you?
16          MR. SALER:  The supervisors in the office,
17  Your Honor.
18          THE COURT:  How about the Tax Division, do they
19  have a position?
20          MR. SALER:  I -- they would have the same position
21  that they would need to research the issue.
22          THE COURT:  Research it.
23          What would you like to do?  Do you want to file a
24  brief?
25          MR. SALER:  Yes, Your Honor.  We'd like the
```

1 opportunity to respond to it.
2     THE COURT: So you don't want to do a plea today?
3 Because the Court is prepared to do a plea to the
4 information today.
5     MR. SALER: Your Honor, in light of the motion of
6 recusal, the government thinks the prudent step would be to
7 not do a plea hearing until the recusal motion is resolved.
8     THE COURT: How much time do you need?
9     MR. SALER: I'd ask till October 9th, Your Honor.
10     THE COURT: When would you be prepared to argue
11 it?
12     MR. SALER: Your Honor, I start a trial
13 October 13th, so I would have to defer to my co-counsel.
14     THE COURT: Well, couldn't we dispense with a
15 written brief? You just make an oral argument?
16     MR. SALER: No, Your Honor. The government would
17 like to put its position.
18     THE COURT: Well, I'm not going to give you till
19 the 9th then. You can't have that much time.
20     You can have one week. The 6th. All right?
21 And we'll have the oral argument on the 8th.
22     Mr. Grimm, are you available the 8th?
23     MR. GRIMM: I have a matter at 9:30 a.m.,
24 Your Honor, before Judge Kerry across the street. Other
25 than that, I'm free the balance of the day. So from 10:30

```
 1   on, I'm free.
 2              THE COURT:  Okay.  We'll make it at noon.
 3              Do I understand correctly your client does not
 4   want to plead to the information, Mr. Grimm?
 5              MR. GRIMM:  That's correct, Your Honor.
 6              THE COURT:  Did he want to plead to the
 7   information before your filing -- I mean, at the time the
 8   government filed its motion asking to bifurcate the process?
 9              MR. GRIMM:  If the Court is talking about the
10   motion filed on September 22nd, where the Court asked the
11   Court [sic] to enter an order scheduling a plea.
12              THE COURT:  No.  Yeah, the motion is on the 22nd.
13   Motion for order to schedule a plea, that was on the
14   September 22nd.  Did your client want to plea that day?
15              MR. GRIMM:  Not on that day, Your Honor, because I
16   received it and I needed to sit down with Mr. Jones, because
17   I hadn't seen a pleading like that before.  I'm not saying
18   it was unusual based on the record, but I had to set down
19   with Mr. Jones.
20              After discussing that with Mr. Jones and what's
21   transpired before this Court, it's not a personal matter,
22   then on September 4th, 5th, 6th, 7th, the motion to recuse
23   was actually discussed with Mr. Jones.
24              And it was discussed with government counsel, but
25   it wasn't -- government counsel wasn't advised till
```

1    yesterday that I was going file it.
2            However, in answer to the Court's question, the
3    Court received, back in May, a plea agreement that was
4    signed by Mr. Jones and a statement of facts that was signed
5    by Mr. Jones.  On that date, he wanted to plead guilty,
6    Your Honor.
7            THE COURT:  Well, let's be clear about a few
8    things, okay?
9            No. 1, if your client wants to plead to the
10   information straight-up, he can do it any time he wants.
11   That decision is a separate decision by the Court, from the
12   decision of whether or not to find the plea agreement
13   acceptable.  They're two different decisions.
14           Now, a lot of my colleagues, as you are well
15   aware, accept pleas conditionally.  They wait, they have the
16   defendant actually enter a plea, and they accept the plea
17   conditionally.
18           And after they get the PSR, they can change their
19   mind and not accept the plea and then give the defendant the
20   choice to withdraw his plea and go forward with the trial,
21   or renegotiate a new plea.
22           This Court's practice, for nearly 14 years, has
23   been to not do that.  Why?  Because I don't think it's fair
24   to defendants to pull the rug out from under them later on
25   in the process, where they believed that it's overwhelmingly

1   likely that the Court is going to accept the plea.  And then
2   get the PSR and it's time for sentencing and then the Court
3   pulls the rug out from under them.
4         Now, in this particular case, the government has
5   expressed concern that the Court wanted the Probation Office
6   to do a criminal history category calculation, basically, to
7   verify whether or not the one that was agreed to between the
8   parties in the plea agreement, criminal history category II,
9   was accurate.
10         I want this to be very clear on the record.
11  I have not received from Probation, I have specifically told
12  them not to give me their final calculation, I don't have
13  it, nor have they given me any other information; I've
14  specifically told them not to.  Not to.
15         Lest there be some issue along the lines that
16  Mr. Saler's pleading raises as to his rationale, which, for
17  some reason, he can't seem to explain orally, as to why it
18  is that they filed the motion they filed seeking to schedule
19  a plea separate and apart from an assessment of the
20  plea agreement here, based in the Ninth Circuit opinion that
21  they're relying upon, which I'm sure you're familiar with,
22  Mr. Grimm.
23         MR. GRIMM:  Vasquez, yes, Your Honor.
24         THE COURT:  So let's be very clear, the Court has
25  not received anything from Probation other than an

1  assessment early, early on that they thought, at first
2  blush, the II category was accurate, but I wanted them to
3  calculate it more accurately based on my comments on
4  September 4th.  I have not received that from them, nor have
5  I received from them any information on this defendant's
6  prior criminal history.  Not received it.  Don't have it.
7         If he wants to plead to the information
8  straight-up prior to the Court assessing whether or not to
9  accept the plea agreement, he's welcome to do it any time.
10        We can schedule it between now and the date I just
11 set for oral argument, which is the 9th, I believe; or we
12 can set it on -- excuse me, the 8th.  We can do it on the
13 8th.  We can do it on the 8th.  That's fine.
14        If the government wants to -- if the government,
15 I don't really, frankly, understand how the government could
16 go forward with that motion under circumstances where you
17 have basically told them that your client doesn't want to
18 enter a plea, but they did it anyway.
19        There's a lot of actions the government has taken
20 in this case that, frankly, I don't understand.  It's very
21 mysterious and curious to me as to what's going on here.
22        But be that as it may, if he wants to plead to the
23 information, I'm prepared today to take the plea.
24        So now, with regard to the motion that you've
25 filed, where I'm, frankly, not clear in my own mind why the

1  government isn't prepared to argue that right now.  I was
2  going to have an oral argument right now.
3              This is not some monumental decision, Mr. Saler.
4  This is not some major policy decision for the
5  Justice Department.  It is, frankly, amazing to me that
6  you're not prepared to argue this right now.
7              I was going to have oral argument on it right now,
8  and then rule.  And then depending upon how I ruled, maybe
9  go forward with a plea or not go forward with a plea.
10 It just depended.
11             So it's a mystery to me, frankly.
12             But you can have your oral argument; we'll do it
13 next week.
14             My guess is I will rule right on the spot, and
15 then we'll go where we go next after that.
16             MR. GRIMM:  Your Honor, could I speak to Mr. Saler
17 for one second, please?
18             THE COURT:  Go right ahead.
19             (Counsel conferred.)
20             MR. GRIMM:  Thank you, Your Honor.
21             THE COURT:  Mr. Saler, did you have anything?
22             MR. SALER:  Your Honor, in terms of scheduling,
23 you said -- I believe you said the hearing would be
24 October 8th.  I have a sentencing hearing at -- at 12:30, so
25 is it possible to get some time after 3:00 p.m. on October

1  8th?

2          THE COURT:  I'll just move it back.  How about
3  11:30?  Is it in this courthouse?

4          MR. SALER:  It is, Your Honor.

5          THE COURT:  Shouldn't be hard.

6          I only expect it to last about 20 minutes.
7  I don't expect it to last much longer than that, ten minutes
8  a side.

9          Does that work for you, Mr. Grimm, 11:30?

10         MR. GRIMM:  Yes, sir.

11         THE COURT:  All right.  Any other questions?

12         MR. GRIMM:  Your Honor, we were here -- I think we
13 were here last the 15th of September.  The Court's Clerk
14 advised us, just for the record, I don't -- the Court,
15 I know, was probably -- had other matters.

16         The Court didn't take the bench, but we were
17 advised by the Clerk that Probation had not yet completed
18 its assignment for the Court, and that's why the case was
19 continued.

20         There was nothing on the record that the Court had
21 received anything.  Mr. Bradley simply put on the record
22 that Probation hadn't completed it, and that's why --

23         THE COURT:  Let the record be clear:  I have not
24 only not received anything, I have specifically directed
25 Probation, in the aftermath of the government's pleading, to

1  not send me anything.
2          And the only thing I was hoping and expecting to
3  receive from them was their criminal history category
4  calculation.
5          It may be a II, which is what you've agreed to
6  between the two of you.  It may be a III.  I don't know
7  what -- it may be a I.  I don't know what it's going to be.
8  But that was what I was hoping to get confirmation of one
9  way or the other, whether they agree with the two of you
10 that the proper criminal history category calculation is
11 a II.
12         I've not yet received it, and, in fact, I have
13 specifically directed them not to send it to me, lest there
14 be any issue consistent with that Ninth Circuit opinion that
15 the government is so concerned about.
16         Do you have any question about that, Mr. Grimm?
17 Feel free to ask, if you do.
18         MR. GRIMM:  Question about?  I'd rather --
19         THE COURT:  About what I just said.
20         MR. GRIMM:  Your Honor, I'd rather air it at the
21 hearing at the argument on it, instead of doing it in
22 teaspoons.
23         THE COURT:  It's your choice.
24         MR. GRIMM:  Thank you.
25         THE COURT:  Mr. Saler, do you have any questions?

```
1              MR. SALER:  No, Your Honor.
2              THE COURT:  Stand in recess.
3              DEPUTY CLERK:  All rise.
4          This Honorable Court stands in recess until the
5   return of court.
6                    C E R T I F I C A T E
7              I, William P. Zaremba, RMR, CRR, certify that
8   the foregoing is a correct transcript from the record of
9   proceedings in the above-titled matter.
10
11
12  Date: September 29, 2015_____  /S/__William P. Zaremba_____
13                                 William P. Zaremba, RMR, CRR
14
15
16
17
18
19
20
21
22
23
24
25
```