```
              IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )    CR No. 15-49
                               )
                               )    Washington, D.C.
     vs.                       )    January 19, 2016
                               )    2:50 p.m.
CORNELL JONES,                 )
                               )
          Defendant.           )
_____)


               TRANSCRIPT OF PLEA HEARING
          BEFORE THE HONORABLE RICHARD J. LEON
             UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:            Anthony D. Saler
                               Michael K. Atkinson
                               U.S. ATTORNEY'S OFFICE
                               Criminal Division
                               555 4th Street, NW
                               Washington, D.C. 20530
                               (202) 252-6971
                               anthony.saler@usdoj.gov
                               michael.atkinson@usdoj.gov

                               Kenneth C. Vert
                               U.S DEPARTMENT OF JUSTICE
                               Tax Division
                               P.O. Box 972
                               Washington, D.C. 20044
                               (202) 305-9792
                               kenneth.c.vert@usdoj.gov
```

```
APPEARANCES CONTINUED:

For the Defendant:          Bernard S. Grimm
                            THE LAW OFFCE OF BERNARD GRIMM
                            1627 I Street, NW
                            Suite 1100
                            Washington, D.C. 20006
                            (202) 912-4888
                            bgrimm@grimmlawdc.com


Court Reporter:             William P. Zaremba, RMR, CRR
                            Official Court Reporter
                            U.S. Courthouse
                            333 Constitution Avenue, NW
                            Room 6511
                            Washington, D.C. 20001
                            (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

```
 1                    P R O C E E D I N G S
 2            DEPUTY CLERK:  All rise.  This Honorable Court is
 3  now in session.  The Honorable Judge Richard J. Leon
 4  presiding.  God save the United States and this Honorable
 5  Court.  Please be seated and come to order.
 6            Your Honor, we have Criminal Action 15-49,
 7  United States of America versus Cornell Jones.
 8            Counsel, please approach the lectern and identify
 9  yourselves for the record.
10            MR. SALER:  Good afternoon, Your Honor.
11  Anthony Saler for the United States.  And with me is AUSA
12  Michael Atkinson and Ken Vert of the DOJ Tax Division.
13            THE COURT:  Welcome back.
14            MR. GRIMM:  Good afternoon, Your Honor.
15  Bernie Grimm on behalf of Mr. Jones.
16            THE COURT:  Welcome.
17            All right, Mr. Grimm.  As I understand it, your
18  client wants to plead guilty without a plea agreement;
19  is that right?
20            MR. GRIMM:  Yes, sir.
21            THE COURT:  He can come up and be sworn.
22            MR. GRIMM:  Well, the last time we were here,
23  Your Honor, the Court sort of let Mr. Jones know, through
24  me, that he had some options available to him, and I met
25  with Mr. Saler and this is what we came up with.
```

```
 1   It's unusual.
 2           THE COURT:  What do you mean what you "came up
 3   with"?  What's that mean?
 4           MR. GRIMM:  I met with Mr. Saler, and the Court
 5   had given us options, we could go back get a different plea,
 6   he could plea sort of without a plea agreement or with a
 7   plea agreement.
 8           THE COURT:  He always has a right to plea without
 9   a plea agreement.
10           And by the way, in that regard, the statement of
11   the offense, that is an official part of the plea.
12           MR. GRIMM:  Understood, Your Honor.
13           THE COURT:  So that's -- he can give that to
14   probation, if he wants to, but it has no --
15           MR. GRIMM:  Binding.
16           THE COURT:  It has no role in this plea here
17   today.
18           MR. GRIMM:  I explained that to Mr. Jones,
19   Your Honor.  Thank you.
20           DEPUTY CLERK:  Mr. Jones, please raise your right
21   hand.
22           (Defendant is placed under oath.)
23           THE COURT:  I need you to be closer to the mic.
24           THE DEFENDANT:  Did you want me to do that again?
25           THE COURT:  No.
```

```
 1              All right, Mr. Jones, I understand from your
 2   counsel that you wish to enter a guilty plea in this case;
 3   is that correct?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  All right.  Now, I need to ask you
 6   certain questions to ensure that you understand your rights
 7   and to ensure that your plea is voluntary.
 8              If you don't understand any of my questions at any
 9   time, please let me or your lawyer know that, and I will
10   re-ask the question or explain the question and answer the
11   question in any way I can, okay?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Very good.
14              Now, I want to remind you you're under oath.
15   The answers you give to the Court could be used against you
16   in a later prosecution for perjury or making false
17   statements if you don't answer truthfully.
18   Do you understand that?
19              THE DEFENDANT:  Yes, I do.
20              THE COURT:  Very good.
21              Now, does counsel for either side have any
22   questions as to defendant's competence to enter a plea at
23   this time?
24              MR. GRIMM:  No, Your Honor.
25              MR. SALER:  No, Your Honor.
```

```
1              THE COURT:  Do you feel competent to go forward
2    today, Mr. Jones?
3              THE DEFENDANT:  Yes, I do.
4              THE COURT:  Are you under the influence of any
5    narcotics or drugs or alcohol or anything that might cloud
6    your judgment or make you unable to understand these
7    proceedings?
8              THE DEFENDANT:  No, Your Honor.
9              THE COURT:  All right.  Based on the
10   representations of the defendant, based on the
11   representations of counsel for both sides, and based on the
12   Court's own observations, the Court finds he's fully
13   competent and capable of entering an informed plea today.
14             Now, as I understand it, you wish to enter a plea
15   to Count 1 of the information, which is a count for attempt
16   to evade or defeat in violation of 26 U.S. Code Section
17   7201.  So tax evasion.
18             Have you had an adequate time and opportunity to
19   discuss this case with your attorney?
20             THE DEFENDANT:  Yes, I have.
21             THE COURT:  Are you satisfied with your attorney's
22   representation of you?
23             THE DEFENDANT:  Yes, sir, I am.
24             THE COURT:  Now, let me ask you some questions to
25   make sure you understand your rights under the
```

1  constitutional laws of the United States.
2           First of all, you understand, do you not, that
3  under the constitutional laws of the United States, you're
4  entitled to a trial by jury on the charge contained in this
5  information?
6           THE DEFENDANT:  I do.
7           THE COURT:  All right.  Furthermore, if there were
8  a trial, you would be presumed to be innocent, and the
9  government would be required to prove you guilty by
10 competent evidence beyond a reasonable doubt.
11 Do you understand that?
12          THE DEFENDANT:  Yes, I do.
13          THE COURT:  All right.  Furthermore, if there were
14 a trial, witnesses for the government would have to come to
15 court, testify in your presence, and your attorney could
16 cross-examine those witnesses, object to any evidence
17 offered by the government, and offer evidence on your
18 behalf.  Do you understand that?
19          THE DEFENDANT:  Yes, Your Honor.
20          THE COURT:  All right.
21          Furthermore, if there were a trial, you would have
22 a right to testify, but also would have a right not to
23 testify, and no inference or suggestion of guilt could be
24 drawn from the fact that you chose not to testify.
25 Do you understand that?

1    THE DEFENDANT:  Yes.
2    THE COURT:  Now, if I accept your plea, you'll be
3 waiving all of these rights, there will be no trial, and I
4 will enter a judgment of guilty against you for this charge.
5 Do you understand that?
6    THE DEFENDANT:  Yes.
7    THE COURT:  All right.
8    Furthermore, in order for me to accept your plea,
9 you'll have to waive your right against self-incrimination
10 since you must acknowledge your guilt in order for me to
11 accept your plea.  Do you understand that?
12    THE DEFENDANT:  Yes, Your Honor.
13    THE COURT:  All right.  The offense to which you
14 wish to plead guilty is a felony offense.
15    If I accept your plea, you will not only be found
16 guilty, but you may, as a result, be deprived of certain
17 valuable civil rights such as the right to vote, the right
18 to hold public office, the right to perform certain jobs in
19 both the public and private sectors, the right to serve on a
20 jury, and the right to possess any kind of a firearm.
21 Do you understand that?
22    THE DEFENDANT:  Yes, Your Honor.
23    THE COURT:  Okay.
24    Now, where were you born, Mr. Jones?
25    THE DEFENDANT:  In Washington, D.C.

1             THE COURT:  All right.  And how many years of
2    schooling did you have?
3             THE DEFENDANT:  GED.
4             THE COURT:  Okay.  So do you understand all these
5    rights we've gone over?
6             THE DEFENDANT:  Yes, sir.
7             THE COURT:  And you wish to waive them?
8             THE DEFENDANT:  Yes, Your Honor.
9             THE COURT:  Very good.
10            Now, Mr. Grimm, by any chance, do you have a copy
11   of the information in front of you, or with you, I should
12   say?  We can get you one if you want.
13            I should have one here somewhere.
14            No, no, to put in front of your client.
15            MR. GRIMM:  Thank you, Your Honor.
16            THE COURT:  That's okay.
17            I think Mr. Grimm's placed the information in
18   front of you, Mr. Jones.  Have you seen this document
19   before?
20            This is the document that sets forth the count
21   that you wish to enter a plea of guilty to, to 26 U.S. Code
22   Section 7201.
23            THE DEFENDANT:  It's the first time I'm seeing
24   this one here, Your Honor.
25            THE COURT:  Well, take your time.

```
1                THE DEFENDANT:  I just read it.
2                THE COURT:  You can read it over.
3                THE DEFENDANT:  I just read it.
4                THE COURT:  Okay.  Does it look familiar to you?
5                THE DEFENDANT:  Yeah.  Looks about right.
6                THE COURT:  Have you had a chance to discuss this
7     with your counsel as to what this offense means?
8                THE DEFENDANT:  Yes.  We had a lot of discussions.
9                THE COURT:  All right.  And do you waive reading
10    of the information, Mr. Grimm?
11               MR. GRIMM:  Waive of formal reading of the
12    information, Your Honor, and enter a plea to Count 1 in the
13    information.
14               THE COURT:  Very good.
15               Now, this particular offense, like I said, is a
16    felony offense, carries a maximum sentence of five years
17    imprisonment, a fine of not more than the greater of twice
18    the pecuniary gain or loss from the offense, or $250,000; a
19    term of supervised release of not more than three years;
20    restitution, and an obligation to pay any applicable
21    interest or penalties on fines and restitution not timely
22    made.  Do you understand that?
23               THE DEFENDANT:  Yes.
24               THE COURT:  Okay.
25               Now, the Court will not, of course, be able to
```

1  determine what the appropriate sentence is in your case
2  until after a presentence report has been completed, you and
3  government's counsel -- your counsel, I should say, and
4  government counsel, have had an opportunity to raise any
5  legal or factual issues with regard to that report and to
6  raise those issues with the Court.  Do you understand that?
7           THE DEFENDANT:  Yes, Your Honor.
8           THE COURT:  Okay.  Under certain limited
9  circumstances, the government and you might have a right to
10 appeal the sentence imposed in this case, particularly with
11 regard to the reasonableness of the sentence.
12 Do you understand that?
13          THE DEFENDANT:  Yes.
14          THE COURT:  All right.  Now, parole has been
15 abolished in the federal system.  If you're sentenced to
16 prison, you will not be released on parole.
17 Do you understand that?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Okay.  Very good.
20          Now, has anyone threatened you or forced you in
21 any way to enter into a plea of guilty?
22          THE DEFENDANT:  No, Your Honor.
23          THE COURT:  All right.  Has anyone made any
24 specific predictions or promises to you as to what your
25 sentence will be in this case?

1               THE DEFENDANT:  No, Your Honor.

2               THE COURT:  You understand, do you not, that the

3    sentence will be exclusively up to the Court, but only after

4    a presentence report has been written, which you and your

5    counsel and government's counsel will all have an

6    opportunity to review and challenge as to any legal or

7    factual information contained.  You understand that, don't

8    you?

9               THE DEFENDANT:  Yes.

10              THE COURT:  Very good.

11              Now, I'm going to ask you a series of questions

12   related to the offense described in this information filed

13   against you.  Listen carefully, because I need to determine

14   if the government's description of the events in this

15   information is what happened and if you really are guilty of

16   committing those facts.

17              In the calendar year 2010, were you a resident of

18   Chevy Chase, Maryland, and did you receive taxable income in

19   the sum of about $3.4 million?

20              THE DEFENDANT:  That sounds about right.  Maybe.

21              THE COURT:  I think the amount in the information

22   is $3,462,553.79.  Would that be, essentially, a fair

23   representation of your income in that period?

24              THE DEFENDANT:  Well, the corporation received

25   that, yes.

```
 1              THE COURT:  Okay.  But was it also income as to
 2   you personally, that you had to pay taxes on, as far as your
 3   understanding of it is?
 4              THE DEFENDANT:  Well, that's why I'm here, yes,
 5   Your Honor.
 6              THE COURT:  Okay.  So it was your understanding
 7   that that income was income of a personal nature to you that
 8   you had to pay taxes on it; is that correct?
 9              THE DEFENDANT:  Yes, Your Honor.
10              THE COURT:  You can -- okay.
11              Now, is it also your understanding, consistent
12   with this information here, that during that tax year, you
13   owed the United States of America an income tax of
14   approximately $1,295,910, which is what's represented in
15   this information here?
16              THE DEFENDANT:  Are you asking me?
17              THE COURT:  Yes.  Is it your understanding that
18   during the time frame --
19              THE DEFENDANT:  Yes, it's my understanding, yes.
20              THE COURT:  -- that you owed the IRS and the
21   United States that amount of money?
22              Okay.  Very good.
23              Now, knowing these facts during this time frame,
24   did you fail to file an income tax return during the
25   calendar year, for the calendar year 2010, on or before
```

```
 1  April 15th, 2011, as required by law?
 2          THE DEFENDANT:  Yes.
 3          THE COURT:  Okay.  And in doing that, did you
 4  knowingly fail to pay the Internal Revenue Service the
 5  income tax you owed for the calendar year 2010?
 6          THE DEFENDANT:  Yes.
 7          THE COURT:  Okay.  Now, knowing these facts -- and
 8  let me go through this a little bit more and specific and
 9  consistent with the information.
10          Knowing these facts, did you willfully attempt to
11  evade and defeat the income tax due and owing to the
12  United States of America for the calendar year 2010 in the
13  District of Columbia and elsewhere by engaging in the
14  following conduct:  Number one, concealing and attempting to
15  conceal from all proper officers of the
16  United States of America your true and correct income and
17  the nature and extent of your assets and the location
18  thereof?
19          THE DEFENDANT:  I agree to that, yes.
20          THE COURT:  Did you, two, use corporate funds to
21  pay personal expenses during that period?
22          THE DEFENDANT:  Yes.
23          THE COURT:  All right.  Number three, did you
24  place funds on property in the name of a corporate entity?
25          THE DEFENDANT:  Can you repeat that again,
```

1  Your Honor.
2          THE COURT:  During this same time period, same
3  time period, were you willfully and knowingly placing funds
4  in property in the name of a corporate entity that was
5  otherwise your property and entity -- your property and
6  funds?
7          THE DEFENDANT:  Yes, Your Honor.
8          THE COURT:  Okay.  And, finally, were you
9  knowingly placed -- dealing extensively in cash for the
10 purpose of concealing the income that you had during that
11 period?
12         THE DEFENDANT:  Not to conceal the income,
13 Your Honor.
14         THE COURT:  Okay.
15         THE DEFENDANT:  I dealt a lot in cash.
16         THE COURT:  All right.  But were you engaging in
17 extensive use of cash for the purpose of concealing the
18 income that you had from the United States during that time
19 frame?
20         MR. GRIMM:  Your Honor, could I speak to Mr. Jones
21 there.
22         THE COURT:  Go ahead.  Take your timeout to talk
23 to him.
24         (Counsel conferred with defendant off the record.)
25         THE DEFENDANT:  Yes, Your Honor.

1           THE COURT:  Okay.  So you're pleading guilty to
2    this offense because you are, in fact, guilty;
3    is that right?
4           THE DEFENDANT:  I am, Your Honor.
5           THE COURT:  All right.  And you're doing so
6    voluntarily; is that correct?
7           THE DEFENDANT:  I am.
8           THE COURT:  Okay.  Now, let me ask you this.
9    Do you have any questions you'd like to ask Mr. Grimm or the
10   Court before I accept your plea, recognizing that once I
11   accept it, I'm not likely to allow you to withdraw it.
12   So if you have any questions for Mr. Grimm or me or both of
13   us, this would be the time to ask those questions.
14          THE DEFENDANT:  No questions, Your Honor.
15          THE COURT:  Okay.  Very good.
16          And so you want to go forward with your plea;
17   is that correct?
18          THE DEFENDANT:  Yes, Your Honor.
19          THE COURT:  Very good.
20          The Court finds that you have the knowledge of the
21   nature and extent of the offense in question, you have a
22   knowledge of your constitutional right against
23   self-incrimination and your constitutional right to a trial
24   by jury, and that you have freely and voluntarily waived
25   those rights.

```
 1              The Court finds that you are aware of the maximum
 2    possible punishment for the offense to which you're pleading
 3    guilty.
 4              The Court finds that your plea of guilty is
 5    knowing and voluntary and supported by an independent basis
 6    in fact as to each of the essential elements of the offense.
 7              So I'll accept your plea and enter a judgment of
 8    guilty on your plea to count one of the information, which
 9    is a violation of 26 U.S. Code Section 7201, attempting to
10    evade or defeat income taxes.
11              A presentence report, written presentence report,
12    will be prepared by U.S. Probation to assist me in
13    sentencing you.  You will be allowed to review it, as will
14    your counsel and government's counsel, and you'll be able to
15    raise any factual or legal questions you have with regard to
16    the content of that report prior to the sentencing, and then
17    at the time of sentencing, you and your counsel both will
18    have an opportunity to address the Court on your behalf,
19    okay?
20              THE DEFENDANT:  Yes, Your Honor.
21              THE COURT:  All right.  You can have a seat, sir.
22    Thank you.
23              We normally set the sentencing date about 75 to 90
24    days out.  Is there any reason not to set a sentencing date?
25              MR. SALER:  No, Your Honor.
```

```
 1              MR. GRIMM:  I have to look at my calendar,
 2   Your Honor.
 3              THE COURT:  All right.  Let's take a look at the
 4   calendar then.  April 14th, Mr. Grimm, are you available
 5   that afternoon?
 6              MR. GRIMM:  Good date, Your Honor.
 7              THE COURT:  3:00?
 8              MR. GRIMM:  Yes, sir.
 9              THE COURT:  Saler?
10              MR. SALER:  That's a good date, Your Honor.
11              THE COURT:  All right.
12              You'll need to get your sentencing memorandum in,
13   Counsel, a week in advance, so that's the 7th.  Failure to
14   get it in on time could result in it having to be
15   rescheduled.  So I urge you to get it in on time, and that
16   way we can go forward with the sentencing on that date.
17              Any other issues for -- Mr. Grimm, did you have
18   any questions?
19              MR. GRIMM:  No, Your Honor.  Thank you.
20              THE COURT:  Very good.
21              Mr. Saler, do you have any questions?
22              MR. SALER:  No, Your Honor.
23              THE COURT:  Okay.  Very good.  Stand in recess.
24              DEPUTY CLERK:  All rise.  This Honorable Court
25   stands in recess until the return of court.
```

(Proceedings concluded at 3:05 p.m.)

C E R T I F I C A T E

    I, William P. Zaremba, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-titled matter.

Date: February 19, 2016_____   /S/__William P. Zaremba_____

                                      William P. Zaremba, RMR, CRR

WilliamPZaremba@gmail.com